**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No. 10-20837-CIV-COOKE/GOODMAN**

RUBEN REYES, on his own behalf and all
similarly situated individuals

    Plaintiff,
v.

AT&T MOBILITY SERVICES LLC,

    Defendant.
_____/

## PRELIMINARY ORDER ON MOTION TO STRIKE PORTIONS OF AFFIDAVITS

In a disappointing development,[1] this matter is before the Court *sua sponte* in connection with *procedural* issues concerning Defendant's Motion to Strike Inadmissible Portions of Affidavits. (07/30/2010, DE# 100.)

As outlined below, Defendant did not comply with the Local Rule requiring a good faith effort to resolve issues before filing motions.

## THE RULE

Local Rule 7.1(a)(3) is entitled "Pre-filing Conferences Required of Counsel." With certain exceptions not applicable here, the Local Rule requires movant's counsel to "confer (orally or in writing)" or "make **reasonable** effort to confer (orally or in writing)"

---

[1] The issue addressed in this preliminary order, failure to comply with the Local Rule's "confer" requirement, is one which seems to crop up far too frequently in this District. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 3994002 (S.D. Fla. Sept. 28, 2010) (parties' failures to comply with the Local Rule were aggravated by incorrect certifications of compliance); *In Re: Fountainebleau Las Vegas Contract Litig.*, MDL 2106, Case No. 09-MD-Gold/Bandstra (08/05/2010, DE# 120) (denying motion to quash subpoenas because, *inter alia*, the Movant "failed to satisfy Local Rule 7.1(a)(3) by not making a good faith effort to resolve the subject issues prior to filing the instant motion").

1

with all parties "in a **good faith** effort to resolve by agreement the issues to be raised in the motion." (emphasis supplied). The Local Rule also requires other counsel to "**cooperate** and act in **good faith** in attempting to resolve the dispute." (emphasis supplied).

The Local Rule requires the movant to certify that one of two possible scenarios occurred: (1) that movant's counsel did, in fact, confer but was unable to resolve the issues, or (2) that movant's counsel made "reasonable efforts" to confer but has been unable to do so. If movant uses the latter type of certification, then movant's counsel must "identi[fy] with specificity" the efforts taken in the unsuccessful attempt to confer.

Finally, the Local Rule provides that failure to comply "may be cause" to "grant or deny the motion and impose on counsel an appropriate sanction," which "may include an order to pay the amount of the reasonable expenses incurred because of the violation."

## THE MOTION (AND THE VIOLATION)

In its Motion to Strike Inadmissible Portions of Affidavits (DE# 100), Defendant did not include the required certification. This omission was not an oversight, as Defendant never complied with the requirement for a pre-filing conference.

In response to this Local Rule violation (DE# 112), Plaintiff urges me to not entertain the motion and to affirmatively deny it on this basis alone. Plaintiff cites several cases where trial courts in this District have denied motions on this basis.

Not surprisingly, Defendant opposes this request. Defendant contends (DE# 116, pp. 4 & 5) that it "substantially complied" because its counsel conferred with Plaintiff about the earlier-filed Motion to Conditionally Certify Collective Action and that its motion to strike is an "extension" of its underlying opposition to the motion to

2

conditionally certify a collective action. Moreover, Defendant argues, it *later* (after Plaintiff flagged the violation in its response) contacted Plaintiff and determined that he opposes the relief. Therefore, Defendant continues, any further discussions would be "futile." Because, as Defendant says, "it is [now] apparent" that "no agreement can be reached," Defendant argues that I should find that there was "substantial compliance" and "decide the issue on the merits."

Defendant implicitly concedes that it failed to follow the Local Rule but urges the Court to adopt a modified "no harm, no foul"[2] approach because, after all, it now knows that Plaintiff opposes the relief.

I find Defendant's initial explanation – that it "substantially complied" because it had an earlier discussion about *another* motion – to be unpersuasive. Under Defendant's approach, parties could flout the Local Rule with impunity by merely pointing to an earlier discussion about another motion as "substantial compliance." This would be unworkable and illogical and would render the Local Rule meaningless.

The mere fact that Defendant conferred with Plaintiff about *Plaintiff's* conditional certification motion hardly excuses its failure to confer with Plaintiff about a defense motion. Significantly, Defendant does not claim that its earlier conference about the conditional class certification motion involved a discussion of the sufficiency of the supporting affidavits or Defendant's position that some of the affidavits should be

---

[2] This idiom means "there's no problem when no harm or damage is done, such as the time my sister-in-law stole the name we'd chosen for a boy and we both ended up having girls." http://www.usingenglish.com/reference/idioms/no+harm,+no+foul.html (last visited Dec. 23, 2010). For another example of an idiom, *see* http://idioms.thefreedictionary.com/no+harm,+no+foul (last visited Dec. 23, 2010) ("in his excitement, he deleted all the files, but they were restored from a backup copy" – and hence "no harm, no foul") (further noting that the idiom's etymology is from basketball – "if an action that is against the rules has no effect on the results of the game, there should be no foul (punishment)").

3

stricken. As it turns out, Plaintiff opposes the motion and seems content to stick with its existing affidavits, rather than seek to submit amended affidavits. But this is *fortuitous.* Defendant's argument is akin to a police department which attempts to avoid suppression required by an unlawful search by pointing to the fact that contraband was, in fact, found during the illegal search.

Under Defendant's approach, parties would predict whether the opposing party would oppose the motion, not bother to confer if their prediction was that there would be opposition to the motion and then rationalize the failure to confer by saying that their prediction turned out to be correct. While a prediction might often prove correct, the Local Rule does not contain such an exemption and there are often situations where a prediction proves to be faulty. *See, e.g., Royal Bahamian*, 2010 WL 3994002, at *4 (had movant bothered to adequately comply with the Local Rule, it would have learned that the opposing party did not object to the relief sought in three separate motions).

## **WHAT TO DO ABOUT THE VIOLATION**

Defense counsel violated Local Rule 7.1(a)(3). The Local Rule permits the Court to deny its motion to strike. Although I could deny the motion because of the Local Rule violation, I will exercise my discretion and not impose such an extreme penalty.

Denying the motion for failure to comply with the Local Rule would, in my judgment, unfairly penalize Defendant, who presumably had no involvement in its counsel's violations. Moreover, there is a substantial amount of evidence at issue in the affidavits which Defendant wants me to strike and I do not want to create a risk of reversible error based on a procedurally-based ruling denying a motion to strike portions of potentially significant affidavits which should have been excluded, but which were

4

considered because counsel's Local Rule violation caused a default denial of a motion to strike which might have been granted on the merits.[3]

On the other hand, I do not want to *ignore* what I consider to be a clear-cut violation of the Local Rule because it will send an improper and unfortunate message: that lawyers can violate the Local Rules with impunity and not worry (at least in cases where motions have been referred to me) about adverse consequences. The Local Rules have "the force of law" and should be followed. *Cheshire v. Bank of Am., N.A.*, 351 F. App'x 386, 387 (11th Cir. 2009).

Local Rule 7.1(a)(3) authorizes the Court to require counsel responsible for the violation to pay the amount of the reasonable expenses incurred because of the violation. In addition, 28 United States Code § 1927 authorizes the Court to order counsel to pay fees and costs under these circumstances.

Therefore, I am ordering the AT&T Mobility lawyers responsible for, and involved in, the failure to confer to each pay $250 to Plaintiff within 21 days of the entry of this Order.

It is my intent that the responsible lawyers, and not their client (AT&T), pay this comparatively modest amount, so I am also directing defense counsel to not charge their client, either directly or indirectly, for the payment. Therefore, this amount should not be listed as costs which the client is expect to pay. In addition, the law firm employing the lawyers obligated to make the payments should not reimburse, either directly or indirectly, the lawyers for the payments made under this Order.

---

[3] I am not suggesting that the motion to strike should, in fact, be substantively granted. I am providing a hypothetical example to illustrate a point.

I am using the plural word "lawyers" because I do not know for certain (and would not know, absent an evidentiary hearing) which lawyers were involved in the violation. It is certainly possible that more than one lawyer is responsible (in whole or in part) and would be obligated to make a payment. I note that the motion to strike which was filed without the required pre-filing conference contains the names of *two* defense lawyers from Miami and one defense lawyer from Washington, D.C. If any lawyer approved of, or acquiesced in, the failure to confer, then he is also responsible to make the $250 payment.

Although the motion to strike suggests the identities of the lawyers responsible for the violation, I am not going to assume that this is, in fact, the case. There may be circumstances which have not yet been presented to me which might lead to the conclusion that *other* lawyers bear the responsibility. For example, an associate may have expressed concern to a partner over the non-existent effort to confer but been ordered by the partner to "just file the motion anyway." If that were the case, then the partner, and not the associate, would be required to make the payment. Alternatively, if the associate discussed the rule violation scenario with a partner or another lawyer in the firm (or a different firm) but did not express concern over the violation, then he or she would be required to make the payment (as would the partner and/or other lawyers who participated in the discussion about violating the Local Rule requirement). And if a defense lawyer committed the violation without discussing any potential concerns with other defense lawyers involved in this case, then that lawyer would be solely responsible for the payment.

Because I do not want to spawn collateral litigation over the amount of the payment, I have selected an amount which I believe to be a reasonable estimate of the amount of time which Plaintiff unnecessarily spent in connection with the Local Rule violation (including legal research to pinpoint cases from this district). I believe that this is more efficient than requiring the parties to submit time sheets and expert affidavits about the reasonableness of the attorney's fees and costs and litigating over the amounts. I also consider this estimate to be conservative and on the low side.

If any affected lawyers or party believes that they have not had a sufficient opportunity to be heard on either my underlying decision to require a monetary payment or the amount of the payment, then he or she (or it, if it is a party) can file a request for hearing and I will schedule a hearing, take testimony and entertain additional argument. Any request for such a hearing should be made within ten (10) days of the entry of this Order.

All lawyers required to make payments shall submit an affidavit, confirming their obligation and the fact that payment has been made. These affidavits will not be filed with the Clerk of the Court or in the public record. Instead, they will be filed electronically in my personal CM/ECF filing box (not my court email address). Counsel can obtain this CM/ECF address from my courtroom deputy, Michael Santorufo, by telephoning him at 305-523-5230.

If any attorney affected by this Order is ever asked questions (e.g., have you ever been sanctioned or disciplined by a court?) by anyone (e.g., by a judicial nominating commission, by a malpractice carrier, by a court asking about a *pro hac vice* application,[4]

---

[4] Defendant AT&T has at least one attorney from outside of Florida who is appearing in this case under our District's *pro hac vice* procedure. (DE## 26, 27.) *Pro*

by a prospective employer), please note that I am intentionally and specifically designating the payment obligations as part of a fee-shifting mechanism, **not** as a disciplinary sanction.

The Court will, at a later date and in a separate order, enter a substantive ruling on the merits of the motion to strike. That motion is scheduled to be heard on Monday, December 27, 2010.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 23rd day of December, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia Cooke
All counsel of record

---

*hac vice* admission is a privilege, not a right, and may be refused and, if initially granted, revoked. Counsel appearing *pro hac vice* are required to read the Local Rules and should therefore be familiar with the "confer" prerequisite for filing motions.