UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case No. 10-20837-CIV-COOKE/GOODMAN**

RUBEN REYES, on his own behalf and all
similarly situated individuals

      Plaintiff,
v.

AT&T MOBILITY SERVICES LLC,

      Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE PORTIONS OF AFFIDAVITS

This cause is before me on the motion of Defendant, AT&T Mobility Services LLC, to Strike Inadmissible Portions of Affidavits. (DE# 100.) For the reasons outlined below, Defendant's motion to strike is denied.[1]

### I.   Background

This case involves Defendant's alleged failure to pay Plaintiff, Ruben Reyes, who served as a Retail Account Executive for Defendant in South Florida, overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 209 et. seq. (Am. Comp. DE# 9, ¶¶ 1, 4, 17; Second Am. Answer DE# 58, ¶¶ 17.) Plaintiff believes that there are other similarly situated current and former Retail Account Executives around the United States and wishes to proceed as their representative in a collective action.

---

[1] This case was originally assigned to Magistrate Judge Ted E. Bandstra for appropriate resolution of all non-dispositive pretrial matters and for a report and recommendation on Plaintiff's Motion to Conditionally Certify Collective Action and to Facilitate Notice to Potential Class Members by United States District Judge Marcia G. Cooke. (DE# 18; DE# 107.) Magistrate Judge Bandstra transferred his referrals to me pursuant to Administrative Order 2010-79. (DE# 110.) I will later enter a separate report and recommendation on Plaintiff's motion to conditionally certify a collective action.

Plaintiff currently has pending a Motion to Conditionally Certify Collective Action and to Facilitate Notice to Potential Class Members. (DE# 74.) In support of that motion, Plaintiff filed multiple affidavits. (DE# 75-1; DE# 75-2; DE# 76-1, DE# 111-1; DE# 115.) Now before me is Defendant's motion to strike four paragraphs from seven of these affidavits. (Reyes Aff. DE# 75-1, ¶¶ 9-11 & 24; Aviles Aff. DE# 75-2, ¶¶ 9-11 & 24; Birch Aff. DE# 75-2, ¶¶ 9-11 & 24; Feliciano Aff. DE# 75-2, ¶¶ 9-11 & 22; Fernandez Aff. DE# 75-2, ¶¶ 9-11 & 24; Salden Aff. DE# 75-2, ¶¶ 9-11 & 21; Hicks Aff. DE# 76-1, ¶¶ 9-11 & 24.)

Excepting some very minor, non-material variations,[2] all of the challenged affidavit paragraphs at issue are identical to those contained in Reyes' affidavit:

> In this capacity, my fellow "Retail Account Executive" employees and I were employed by Defendant to perform standardized duties of Defendant's "Retail Account Executive" position.
>
> Specifically, as "Retail Account Executive" employees, our primary duty was to develop and maintain supportive relationships with Defendant's existing accounts, as assigned to us by Defendant.
>
> To ensure that we performed these duties in a uniform and consistent manner, Defendant had specific training programs that I, as well as all other "Retail Account Executive" employees, were required to complete on a regular basis, regarding Defendant's ever-changing line-up of products and services, as well as the contract terms for same. After receiving specific training on products, services and contracts from Defendant, it was my job to go to my assigned "accounts" and relay the information to my "accounts" that had been given to me in my required training programs. The other "Retail Account Executives" did the same thing.
>
> During my employment with Defendant, I personally observed that there were numerous similarly situated "Retail Account Executives" who: (a) performed the same or similar job duties that I performed; (b) worked the

---

[2] The only affidavit with varying language in the challenged paragraphs is that of Fernandez, who wrote his affidavit in the present tense because, at least as of the signing of his affidavit, he still worked for Defendant. Three other affidavits differed from Reyes' affidavit in that the challenged paragraphs were numbered differently.

> same amount of hours that I worked per workweek; and (c) were paid in the same illegal manner in which I was paid because of Defendant's pay policy, practice, and procedure of failing to pay time and one-half overtime for overtime hours worked.

(Reyes Aff. DE# 75-1, ¶¶ 9-11 & 24)

Defendant argues in its motion that the statements in these paragraphs are inadmissible because they fail to satisfy Federal Rule of Civil Procedure 56's admissibility standard and are not based upon personal knowledge.[3] (DE# 100, pp. 3-4) Specifically, Defendant argues that although Plaintiff's affidavit states it is "based upon personal knowledge," "[i]t is **implausible** to accept that Plaintiff has first-hand personal knowledge of all these details concerning people he never met." (emphasis added) (*Id.* at p. 6.)

Moreover, says Defendant, "[e]ven if Plaintiff has first-hand experience to support his claims about operations within the geographical region to which he was

---

[3] Defendant also mentions several times in its motion that Plaintiff's affidavits should be stricken based on hearsay grounds. (*E.g.*, DE# 100, p. 3 (containing four references to hearsay)). At no point, however, does Defendant actually specify what particular statement in any of the affidavits it believes is hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay can include "an oral or written assertion" or the "nonverbal conduct of a person, *if it is intended by the person as an assertion*." Fed. R. Evid. 801(a)(1)-(2) (emphasis added).

My review of the challenged paragraphs indicates that the paragraphs contain no "oral or written assertions" originally made by anybody other than the declarant. These paragraphs describe the *conduct* of non-declarants, however, the conduct described was obviously not intended to be an "assertion" by those non-declarants and, tellingly, despite its liberal use of the word "hearsay," Defendant has not argued as much. I therefore find that these statements are not, at least on their face, hearsay. Defendant may believe that the conduct described in the affidavits, such as "I personally observed," is actually hearsay because Defendant may suspect that the affiant "heard" about conduct, rather than observing it. But that suspicion, even if held by Defendant, has not been raised by Defendant. Moreover, even if it had been articulated, it would, in effect, be an attack on the affiant's credibility, not a challenge to purported hearsay evident from the language in the affidavits.

assigned, these experiences would be insufficient to establish personal knowledge as to the policies and practices in effect within Mobility regions and markets other than the one within which he worked." (*Id.*) (internal brackets and quotation marks removed). Defendant argues that as "near verbatim copies of Plaintiff's affidavit," the other affiants' affidavits "suffer from the same defects." (*Id.*)

In response, Plaintiff argues that "Defendant's Motion amounts to an impermissible attack on the credibility of the affiants . . . because each affidavit purports to be based on personal knowledge, Defendant is necessarily arguing that the affiants are not credible" but "courts do not make such credibility findings at Stage I [conditional certification] Motions."[4] (DE# 112.) According to Plaintiff, the evidentiary standard applicable to a motion to conditionally certify a class is more relaxed than that applicable to summary judgment motions under Rule 56. (*Id.* at pp. 4-5.) Moreover, even if Rule 56 were applicable here, Plaintiff notes that the general rule in this Circuit is "that parties' exhibits may be considered for purposes of pretrial rulings so long as they can be reduced to admissible form at trial." (*Id.* at n.3.)

I held a hearing on Defendant's motion on December 27, 2010. (DE# 132.) During this hearing, Defendant slightly re-characterized its argument by describing its challenge as an issue of foundation or competence. Defendant urged me to strike the challenged paragraphs on the ground that the affiants had not established a foundation to support the possibility that the affidavits were actually made on personal knowledge.

---

[4] Plaintiff also invited me to summarily deny Defendant's motion to strike because, in violation of Local Rule 7.1(a)(3), Defendant failed to confer before filing his motion to strike. (DE# 112, pp. 1-3.) Defendant indeed violated Local Rule 7.1(a)(3), however, in my previously entered Preliminary Order on Motion to Strike Portions of Affidavits I declined to follow Plaintiff's suggestion. (DE# 131.) Instead, I used other remedial measures not applicable to the merits of the motion to strike.

In response, Plaintiff reiterated at the hearing his belief that a court should not at this preliminary or conditional stage conduct a credibility determination and look beyond an affiant's assertion that the affidavit is made on personal knowledge. According to Plaintiff, once an affiant says his words are based on personal knowledge, then that ends a court's inquiry as far as whether it may consider an affidavit during stage one; credibility determinations are reserved for stage two, when a defendant may move a court to decertify a class.

## II.  Analysis

The sole question under consideration here is whether the challenged affidavit paragraphs constitute admissible evidence in support of a motion to conditionally certify a collective action under 29 U.S.C. § 216(b) or whether they should be stricken. I am unaware of any Eleventh Circuit opinion directly addressing this question and neither Plaintiff nor Defendant has brought any such opinion to my attention. Instead, both sides have candidly acknowledged that they, too, know of no applicable Eleventh Circuit authority. Therefore, in the absence of Eleventh Circuit authority, the parties both cite to a variety of district court cases -- either applying Rule 56 standards or some lesser standard to a motion for conditional certification in an FLSA case. *Compare, e.g.*, *Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630, 2004 WL 2211691, at *1 (D. Conn. Sept. 28, 2004) (applying Rule 56 standards), *with White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006) (applying a lesser standard). In fact, defense counsel candidly acknowledged at the hearing and in the motion to strike that there are myriad district court cases from all over the country on both sides of the issue and that

each party could point to many district court cases supporting its position on which standard to apply. (DE# 100, p. 3.)

Before considering these cases on the applicable evidentiary standard at this stage, however, I believe it is instructive to start with a summary of what the Eleventh Circuit has said about the conditional certification procedure in FLSA cases.

In order to prevail on a motion to conditionally certify a class, a plaintiff must demonstrate a "'reasonable basis for their claim of class-wide discrimination'" by means of "detailed allegations supported by affidavits." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)). The Eleventh Circuit has described this standard as being "not particularly stringent," "fairly lenient," "flexible," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). The Eleventh Circuit has gone as far as to state that a "district court's broad discretion at the notice stage [when deciding whether to conditionally certify a class] is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Id.*

The Eleventh Circuit has also noted that when considering a motion for conditional certification, a court, as is the scenario here, generally has "minimal evidence" and the typical result is that the motion is granted. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).

In light of the general leniency with which I must approach Plaintiff's underlying motion for conditional class certification, my instinct is to conclude that applying Rule 56

standards to the challenged paragraphs may be too strict at this preliminary stage. In this vein, I find persuasive the district court's well-reasoned opinion in *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363 (E.D. Tenn. 2006). In White, the court, after considering essentially the same arguments which Defendant asserts here, denied a motion to strike portions of affidavits in support of a motion for conditional certification for two important reasons:

First, motions for conditional certification are made at a much-earlier stage in the litigation than motions for summary judgment. *Id.* at 368. Summary judgment motions are made at the completion of discovery but motions for conditional certification are made, as here, when little or no discovery has occurred. *Id.* Though not mentioned in the *White* opinion, the Eleventh Circuit has explicitly recognized that Rule 56 is premised on the assumption a party will have had an "adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (1997). *See also Rodgers v. Global Prophets, Inc.*, No. 09-80753-CIV, 2009 WL 3288130, at *2 (S.D. Fla. Aug. 18, 2009) (denying motion for summary judgment as premature because it was filed before commencement of discovery). Plaintiff has not had an adequate opportunity to pursue discovery as of this early stage in the case.

Second, unlike a summary judgment motion, a motion for conditional certification, even if granted, will not end a case. *White*, 236 F.R.D. at 368. Again, the Eleventh Circuit has said that summary judgment is, when appropriate, justified by the existence of an "adequate record." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (internal citation and quotation marks omitted). This is precisely the opposite situation as a motion for conditional certification, where a

decision is nearly always made on "minimal evidence" and is certain to be revisited later, in the virtually-inevitable motion for decertification. *Cameron-Grant*, 347 F.3d at 1243 (internal citations omitted).

Also persuasive is *Crawford v. Lexington-Fayette Urban County Government*, No. 06-299 JBC, 2007 WL 293865 (E.D. Ky. Jan. 26, 2007), where the court adopted the *White* court's reasoning and, by analogizing to Federal Rule of Evidence 104,[5] rejected the application of Rule 56 and adopted the following "rule":

> When, after both sides have conducted discovery, the defendant moves for decertification in the FLSA collective action, the plaintiffs must demonstrate that any evidence conditionally admitted during the conditional certification process is admissible under the Federal Rules of Evidence.

*Crawford*, 2007 WL 293865 at *4. *See also Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1223 n.8 (S.D. Ala. 2008) (refusing to "reflexively assume that only evidence satisfying all evidentiary standards for admissibility at trial may be considered" on a motion for conditional certification).

The rule in *White* is a logical and reasonable resolution of the question before me and is consistent with the Eleventh Circuit's approval of an overall "fairly lenient" approach based on "minimal evidence" for the conditional certification analysis. *Cameron-Grant*, 347 F.3d at 1243 n.2.

---

[5] The *Crawford* court noted that under Federal Rule of Evidence 104, a court may conditionally admit a coconspirator's statement and require that the government only *later* prove the statement is actually admissible under Federal Rule of Evidence 801. *Id.* at *4. That court then found that this evidentiary procedure, taken from criminal law, is analogous to conditional certification under 29 U.S.C. § 216(b). *Id.* The reason for the comparison is that, just as in the coconspirator context, the conditional certification procedure promotes the development of admissible evidence but does not have a final impact on the ultimate resolution of the case. *Id.*

Case No. 10-20837-CIV-COOKE/GOODMAN

Moreover, even if Rule 56 standards were applicable, at least here in the Eleventh Circuit, the Rule in *White* may also be justified as a small extension of the flexible approach the Eleventh Circuit has taken toward Rule 56. For instance, our appellate court has ruled that "affidavits and statements that would constitute hearsay, if reducible to admissible evidence, may be properly considered in support of a motion for summary judgment." *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 112 (11th Cir. 2010) (affirming denial of motion to strike declaration because the "documents attached to the Declaration are either non-hearsay or could be reduced to admissible form"). *See also United States v. Elkin*, 885 F.2d 775, 785 (11th Cir. 1989) (admitting at trial what would otherwise have been a hearsay letter under what is now Rule 807's residual exception).

However, I do not find it necessary to conclusively determine which standard to apply to the affidavits submitted here at the conditional certification phase because Plaintiff's affidavits satisfy the more stringent standard for affidavits set forth in Rule 56. Federal Rule of Civil Procedure 56 has only three requirements for an affidavit: (1) it "must be made on personal knowledge;" (2) it must "set out facts that would be admissible in evidence;" and (3) it must "show that the affiant is competent to testify on the matters stated." As noted above, there is no hearsay problem with the challenged affidavit paragraphs, and Defendant has not challenged the affiant's competency in any way separate from the personal knowledge issue, and so no additional discussion of these requirements is necessary.

As to the first requirement, the fact is that all of the affidavits containing the challenged paragraphs do, in fact, have a certification that the content is "based upon personal knowledge." (*See generally* DE# 75-1; DE# 75-2; DE# 76-1.) Defendant's

9

position is essentially that Defendant does not believe this certification. Basically, Defendant argues that it is impossible for the affiant to know the matters asserted because each affiant works in only one part of the country or because each affiant works in one type of market (e.g., local stores, rather than national chains). Defendant provided affidavits it believes refute the substance of challenged paragraphs (concerning job duties and distinctions Defendant makes between local account executives, who manage "mom and pop" stores, and other account executives, who focus on the "big box" national retailers, such as Radio Shack, Best Buy and Wal-Mart).

Although Defendant argued, at the hearing, that it was not asking me to make credibility assessments, its request to strike the portions of the affidavits necessarily would require me to, in effect, make a credibility judgment and refuse to consider the challenged paragraphs when ruling on Plaintiff's motion for conditional certification. In fact, its motion argues that the statements are "implausible" – a position which implicates a credibility evaluation. *See Implausible Definition*, MERRIAM-WEBSTER.COM, http://mw2.merriam-webster.com/dictionary/implausible (last visited Dec. 29, 2010) (defining "implausible" as "provoking disbelief"). I find this approach problematic at this preliminary stage.

Rule 56's standard is only a minimum threshold that, once satisfied, precludes a district court from "weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). While the affidavits do not specifically set forth the circumstances under which the affiants came to know the information attested to, it is reasonable to assume at this stage that the affiants would have learned what other Retail Account Executives did during the normal course

10

of their employment, such as during discussions with other employees, visiting other stores, reviewing emails from co-workers or reviewing material distributed by Defendant. *See White*, 236 F.R.D. at 369; *Aguayo v. Oldenkamp Trucking*, No. CV F 04-6279, 2005 WL 2436477, at *4 (E.D. Ca. Oct. 3, 2005). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (holding that on summary judgment a court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party).

To be sure, Defendant may well have grounds to challenge some or all of the statements in the challenged paragraphs, but the ability to question the bona fides of the personal knowledge representation is hardly equivalent to an unequivocal, dispute-free *conclusion* that the challenged paragraphs are "just not believable." (DE# 100, p. 5.) *See generally Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, at *1 n.1 (S.D. Ind. 2005) (rejecting, in an FLSA motion to conditionally certify a class, defendant's motion to strike affidavits containing hearsay "about what other employees told the affiants about whether defendant paid them overtime" because plaintiff need not come forward with evidence in a form admissible at trial "at this preliminary stage and for these preliminary purposes").

Plaintiff is free to challenge (and has) the sufficiency of Plaintiff's evidence offered in favor of his motion to conditionally certify a collective action. (DE# 101.) By deciding that I may consider these affidavits when making my recommendation to the District Court about Plaintiff's underlying motion for conditional certification, I am in no way passing on whether I believe that motion should be granted. It is clear to me, however, that the challenged paragraphs should be considered.

Moreover, even if I ultimately recommend that the District Court grant Plaintiff's motion for conditional certification (and my analysis on that point is still ongoing) and even if the District Court were to adopt that hypothetical recommendation, Plaintiff will be free to mount its desired challenge to the credibility of each affiant in its motion to decertify. By that time, the affiants will presumably have all given a deposition and the record will be developed in a way more amenable to a credibility determination. *Morgan*, 351 F.3d at 1262 ("At this point[ the second stage], the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity").

Case No. 10-20837-CIV-COOKE/GOODMAN

### III. Conclusion

Defendant's motion to strike is denied. Even assuming that Rule 56's more stringent affidavit requirements apply to a motion to conditionally certify a collective action under 29 U.S.C. § 216(b), I find that the challenged paragraphs constitute admissible evidence in support of that motion. If I am incorrect and the paragraphs at issue do not meet Rule 56's requirements for competent evidence, then my alternate conclusion is that Rule 56 is inapplicable at this preliminary stage for the preliminary purpose of a non-final conditional certification analysis.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 29th day of December, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Marcia G. Cooke

All counsel of record