UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:    1:10-cv-20837-MGC

RUBEN REYES, and JEFFREY BATTLES,
on their own behalf and all
similarly situated individuals,

       Plaintiff,

v.

AT&T MOBILITY SERVICES LLC,
A foreign limited liability company,

       Defendant.

_____/

## SECOND AMENDED NATIONWIDE COLLECTIVE ACTION AND CALIFORNIA CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUBEN REYES ("Reyes") and JEFFREY BATTLES ("Battles") (collectively "Plaintiffs"), on behalf of themselves and other "Retail Account Executive" employees and former employees similarly situated, by and through undersigned counsel, files this Second Amended Complaint against Defendant, AT&T MOBILITY SERVICES LLC, a foreign limited liability company ("AT&T" or "Defendant") and state as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

2.      This court has independent jurisdiction over the California class claims pursuant to 28 U.S.C. §1332(d), because the amount in controversy exceeds $5,000.000.00 and at least one (1) member of the putative class of Plaintiffs is a citizen of a state different from Defendant.

3.      This action further invokes the supplemental jurisdiction of this Court to consider claims arising under California law (e.g., Title 8 of the California *Code of Regulations*, California Industrial Welfare Commission Wage Orders, including, but not limited to the provisions of Wage Order No. 4 and 17, California *Labor Code* §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 512, 1174, 1194, 1194.2, 1197 and 2802, California *Business and Professions Code* §§ 17200 et seq. and California *Code of Civil Procedure* § 1021.5.

## INTRODUCTION

4.      The Fair Labor Standards Act of 1938, as amended, §§ 201 et seq. (hereinafter referred to as "the Act" or the "FLSA") provides for minimum standards for wages and details administrative procedures by which covered work time must be compensated.  The FLSA provides the Federal Courts with substantial authority to stamp out labor abuses such as those at issue in this Complaint.

5.      According to Congressional findings, the existence of the labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly fair marketing of goods.

6.      California's *Labor Code* Industrial Welfare Commission Wage Orders, and California Code of Regulations provide even more expansive protection to hourly workers, including, but not necessarily limited to, pay for all hours worked, proper wage

2

statements, and requirements for rest periods, as well as minimum compensation for missed meal and rest breaks.

7.      Plaintiffs are informed and believe and, based thereon, allege that, at all times relevant to this action, Defendant has employed hundreds of individuals in recent years alone as Retail Account Executives across the United States, and failed to pay them for all hours worked, failed to properly compensate them for overtime hours worked, and failed to properly compensate them for losses incurred during their employment.

8.      Despite actual knowledge of these facts and legal mandates, Defendant have enjoyed an advantage over their competition and have disadvantaged their workers by electing not to pay their Retail Account Executives, among other employment positions, for all hours worked, and/or premium pay for missed meal and rest periods.

9.      Plaintiffs are informed and believe and, based thereon, allege that officers of Defendant knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

10.      Despite Defendant's knowledge of  Plaintiffs and the Plaintiff Class Members' entitlement to compensation for all hours worked, premium pay for meal and rest period violations, and the failure to properly compensate them for losses incurred during their employment, Defendant failed to provide the same to the Representative Plaintiffs and the Plaintiff Class Members in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders and Title 8 of the California *Code of Regulations*.  This action is brought to redress and end this long-time nationwide pattern of unlawful conduct.

**PARTIES**

11.     At all times material hereto, Reyes was and continues to be a resident of Miami-Dade County, Florida.

12.     At all times material hereto, Battles was and continues to be a resident of the County of Los Angeles, California.

13.     At all times material hereto, AT&T was and continues to be a foreign limited liability company.   Further, at all times material hereto, AT&T was and continues to be engaged in business in Florida, with places of business in Miami-Dade County, Florida, as well as the County of Los Angeles, California.

14.     At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15.     At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA.

16.     At all times material hereto, Defendant was Plaintiffs' "employer" within the meaning of FLSA, as well as under applicable state law.

17.     Defendant was and continues to be an "employer" within the meaning of FLSA, as well as under applicable state law.

18.     At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of FLSA.

19.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

4

21.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

22.     The additional persons who may become members of the Plaintiffs Class in this action are/were "Retail Account Executives" for Defendant, who held similar positions to Plaintiffs and who worked in excess of eight (8) hours per day and/or forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of eight (8) hours per day and/or forty (40) hours.  Attached hereto as **EXHIBIT A** are job descriptions for Defendant's "Retail Account Executive" position from across the country, which demonstrate that all "Retail Account Executives" perform similar job duties and are paid in a similar manner.

23.     At all times material hereto, the work performed by the Plaintiff and the similarly situated "Retail Account Executives" was directly essential to the business performed by Defendant.

## CLASS ACTION ALLEGATIONS

24.     Battles brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct, including, but not necessarily limited to, the following Plaintiff California Class:

> All persons who are, or have been, employed by Defendant in the State of California as a "Retail Account Executive" within the applicable statutory periods.

25.     All claims involving the California Class have been brought and may properly be maintained as a class action under FRCP, Rule 23 because there is a well-

defined community of interest in the litigation and the proposed Class is easily ascertainable. The proposed classes satisfy the following requirements of FRCP, Rule 23:

       a.       <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believe and, on that basis, allege that the total number of Plaintiff Class Members exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee payroll, among other, records maintained by Defendant.

       b.       <u>Commonality</u>: The Representative Plaintiff and the Plaintiff Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

       Consequently, class certification is proper under FRCP, Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

       i.       Whether Defendant violated the FLSA and/or California law by failing to pay overtime compensation to their non-exempt duties as Retail Account Executive who worked in excess of eight (8) hours per day and/or forty (40) hours per week;

ii.        Whether Defendant violated California *Business and Professions Code* § 17200 by failing to pay Plaintiffs overtime compensation and wages for missed meal and rest breaks;

iii.        Whether Defendant violated, and continue to violate, California *Labor Code* §§ 226.7 and 512 and the Industrial Welfare Commission Wage Orders by failing to consistently provide meal and rest periods to the California Class Members;

iv.        Whether Defendant violated, and continue to violate, California *Labor Code* § 1174 by failing to keep accurate records of employees' hours of work;

v.        Whether Defendant violated, and continue to violate, California *Labor Code* §§ 201-203 by failing to pay wages due and owing at the time California Class Members' employment with Defendant was terminated;

vi.        Whether Defendant violated, and continue to violate, California *Labor Code* § 226 by failing to provide proper itemized wage statements to California Class Members during the pay period; and

vii.        Whether the Plaintiff Class Members are entitled to "waiting time" penalties/wages pursuant to California *Labor Code* § 203.

viii.        Whether the Plaintiff Class Members are entitled to compensation/indemnification for losses incurred during their employment pursuant to California *Labor Code* § 2802.

(c)        <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class Members.  The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of state and federal law, as alleged herein.

(d)     <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  Moreover, the Representative Plaintiff is informed and believe, and based thereon allege, that Defendant, in refusing to pay wages to the FLSA Class Members and comply with the above-referenced provisions of California law to the California Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class.  Consequently, Class certification is proper under FRCP, Rule 23(b)(2) and 29 U.S.C. § 216(b).

(e)     <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Representative Plaintiff has the same interests in the litigation of this case as the Plaintiff Class Members.  The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature.  The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Plaintiff Class as a whole.  The Representative Plaintiff anticipates no management difficulties in this litigation.

## COLLECTIVE ACTION ALLEGATIONS

26.     Reyes and others who are similarly situated were all Retail Account Executives and performed the same or similar job duties as one another for Defendant. *See* Job Descriptions, attached hereto collectively as **EXHIBIT A**.

27.     Further, Reyes and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed overtime wages for the same reasons as Reyes.

28.     Defendant's failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that Retail Account Executives are/were properly paid for overtime hours worked.

29.     Specifically, Defendant's failure to pay Reyes and those similarly situated to him proper overtime wages resulted from a uniform classification of its Retail Account Executives as exempt from the FLSA's overtime requirements.

30.     This policy or practice was applicable to Reyes and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Reyes or those who have joined this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All Retail Account Executives  who worked for Defendant nationwide within the last three years who were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

31.     All claims involving the FLSA Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

32.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

33.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

35.     Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

36.     Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## STATEMENT OF FACTS

37.     On or about January 1, 2006, Defendant hired Reyes to work as a "Retail Account Executive."

38.     In 1998, Defendant hired Battles to work as a "Retail Account

Executive."

39.     At all times material hereto, Plaintiffs were employed by Defendant as a "Retail Account Executive."

40.     At various material times hereto, Plaintiffs worked for Defendant in excess of eight (8) hours per day and/or forty (40) hours within a work week.

41.     At various material times hereto, Defendant was aware that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours within a work week.

42.     From at least March 2007 and continuing through March 2010, Defendant failed to compensate Reyes at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of eight (8) hours per day and/or forty (40) hours in a single work week.

43.     From at least 1998 and continuing through 2011, Defendant failed to compensate Battles at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of eight (8) hours per day and/or forty (40) hours in a single work week.

44.     Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week as required by the FLSA and/or the California Labor Code.

45.     Defendant failed to maintain proper time records as required by law.

46.     To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendant.

47.     Defendant has violated the FLSA from March, 2007 and continuing to

date, and has violated the California Labor Code from August 2008 and continuing to date, in that:

> a.   Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week for the period of employment with Defendant;
>
> b.   No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week and/or eight (8) hours per day as provided by the FLSA and California Labor Code; and
>
> c.   Defendant has failed to maintain proper time records as mandated by the FLSA and California Labor Code.

48.   Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COMMON FACTUAL ALLEGATIONS

49.   This action is for unpaid overtime compensation under federal and California state law, for, among other things, unpaid overtime, meal and rest breaks violations, failure to properly provide itemized wage statements, compensation for losses incurred during employment, and failure to pay all compensation owed at the time of termination.

50.   Plaintiffs and the Plaintiff Class Members seek compensatory damages under federal and California state law, liquidated damages, as well as other statutory and civil penalties owed to other Plaintiff Class Members who were employed by Defendant,

under the FLSA, 29 U.S.C. § 21.6(b), California *Labor Code* § 201-203, 226, 226.7, 510, 512, 1194, and 2802(a), Industrial Welfare Commission ("IWC") Wage Order No. 5-2001, and California *Business & Professions Code* § 17200, *et seq*.

51.     At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working conditions of Battles and the Plaintiff Class Members.

52.     Plaintiffs and the Plaintiff Class Members were employed by Defendant as individuals who performed non-exempt work as Retail Account Executive on Defendant's behalf.

53.     Defendant paid Plaintiffs s and the Plaintiff Class Members a salary, as more specifically alleged below.

54.     At all times relevant to this action, Defendant required Plaintiffs and the Plaintiff Class Members to work substantially in excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation as required by the FLSA, 29 U.S.C. § 207, and California *Labor Code* §§. 510 and 1194.

55.     At all times relevant to this action, Defendant required Battles and the Plaintiff Class Members working in California to work substantially in excess of eight (8) hours per day without paying them proper overtime compensation as required by California *Labor Code* § 510. In addition to violating California *Labor Code* § 510, this constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq*.

56.     At all times relevant to this action, Defendant denied Battles and the Plaintiff Class Members meal and rest breaks as required under California *Labor Code*

13

§ 226.7 and 512, and IWC Wage Order 4 Battles  and numerous California Class Members were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.  The California Class Members also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendant failed to count as time worked any "on duty" meal period taken by Plaintiffs, and no on-duty meal period agreement exists.  Because of Defendant's policy Battles and the California Class Members were, and are, unlawfully denied meal and rest periods required by California law.  Battles and the California Class Members are accordingly entitled to an additional (1) one hour of pay at their regular rate for each separate meal and rest period they were denied per day.  This policy and practice also constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq*.

57.    At all times relevant to this action, Defendant knowingly and intentionally failed to furnish to Battles and the Plaintiff Class Members proper itemized wage statements showing all of the information required by California *Labor Code* § 226(a), including, but not limited to, the following: (1) the total hours actually worked by the individual; (2) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at the applicable rate per individual. Thus, Battles and the Plaintiff Class Members are entitled to recover the greater of all actual damages or the statutory penalties as set forth under California *Labor Code* § 226(e).  This policy and practice also constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq*.

14

58.     Furthermore, despite its knowledge of Battles' and the Plaintiff Class Members' entitlement to pay for all hours worked, Defendant violated California *Labor Code* § 1174(d) by failing to provide or require the use, maintenance or submission of time records which documented all hours being worked by members of the California Class.  Defendant also failed to provide Battles and members of the California Class with accurate semi-monthly itemized wage statements showing, among other things, the total number of hours worked by each, in violation of California *Labor Code* § 226. In doing so, Defendant has not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of their wrongdoing.

59.     Battles' employment with Defendant was terminated.  Despite knowing that Battles was entitled to additional compensation for the work that he performed Defendant willfully failed and refused to compensate him in violation of California *Labor Code* §§ 201 and 202.  California *Labor Code* §§ 201 and 202 require Defendant to pay all wages due to Battles and members of the California Class immediately upon discharge.  Accordingly, Battles and certain members of the California Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of their employment with Defendant.  Even upon the termination or resignation of the employment of the Representative Plaintiff, Battles, and numerous California Class Members during all times relevant to this action, Defendant declined to pay these wages, in blatant violation of California *Labor Code* §§ 201 and/or 202.

60.     Moreover, California *Labor Code* § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed thirty (30) days of wages. More than thirty (30) days have passed since the Representative Plaintiff Battles and certain California Class Members have left Defendant's employ.   As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the Representative Plaintiff Battles and certain California Class Members are entitled to thirty (30) days' wages as a penalty under California *Labor Code* § 203, together with interest thereon and attorneys' fees and costs.   Accordingly, Defendant is liable to Representative Plaintiff Battles and certain California Class Members 1 for waiting time penalties pursuant to California *Labor Code* §203 as described herein.

61.     As described herein, Defendant has also failed to comply with California *Labor Code* § 2802 for "losses" incurred during the California Class Members' employment with Defendant during the applicable statutory period.

62.     As described herein, Defendant has for years, knowingly failed to adequately compensate those non-exempt Retail Account Executive within the class definitions identified above for all wages due under the FLSA (29 U.S.C. §§ 206 and 207), California *Labor Code* and applicable California Wage Orders.   Moreover, Defendant has knowingly failed to provide said workers with the required meal and rest periods, thereby enjoying a significant competitive edge over the other construction companies.   Among other means, Defendant engaged in unlawful business practices requiring non-exempt Retail Account Executives to work in excess of eight

(8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation.

63.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Plaintiff Class Members have sustained damages, as described above, and premium pay for missed rest periods and meal periods, and incurred losses in carrying out their job duties on behalf of Defendant, in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Battles and California Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California *Labor Code* § 203) and/or penalties for failure to provide semi-monthly itemized statements of hours worked (pursuant to California *Labor Code* § 226) in an amount to be established at trial.  They are also entitled to reimbursement/indemnity for the losses previously alleged in carrying out their job duties for Defendant pursuant to California *Labor Code* § 2802 in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and California Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), California *Labor Code* §§ 218.5 and 1194 and/or California *Civil Code* § 1021.5, among other authorities.

64.     Defendant's above actions were willful and intentional.  Thus, Plaintiffs and the Plaintiff Class Members seek to recover unpaid overtime compensation and premium pay, including the applicable interest, statutory and civil penalties, reasonable attorneys fees, and litigation costs under the FLSA, 29 U.S.C. § 206,207,211(c), 216Q), California *Labor Code* §§ 20l-203, 226,226.7, 510, 512 and 1194, IWC Wage Order Nos. 4-2001 and/or 17-2001, and Business & Professions Code §§ 17200, et seq.

The Representative Plaintiff and the Plaintiff Class Members also seek liquidated damages and/or pre-judgment interest.

Furthermore, Plaintiffs and the Plaintiff Class Members seek all other related wages, restitution, attorneys fees, costs and statutory and civil penalties to the fullest extent allowable under California *Business & Professions Code* §§ 17200, *et seq*.

### FIRST CAUSE OF ACTION
(For Failure to Pay Overtime in Violation of FLSA)
[FLSA 29 U.S.C. §§ 207, 211(c), 216(B)]
Against All Defendant
(FLSA CLASS)

65.     Reyes incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

66.     At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). As such, Defendant employed members of the FLSA Class as non-exempt "Retail Account Executives," employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and § 207(a)(1).

67.     At all times relevant hereto, Defendant have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

68.     Under the FLSA, 29 U.S.C. § 207, Defendant was and is obligated to compensate the Representative Plaintiff and the Plaintiff Class Members for all hours worked in excess of forty (40) hours in a workweek.

69.     Reyes and the Plaintiff Class Members are not subject to any applicable exemptions from the requirement to pay overtime under federal law.

70.     At all times relevant to this action, Reyes and the Plaintiff Class Members regularly worked in excess of forty (40) hours per week, but were not paid for such overtime work.

71.     Reyes is informed and believes, and thereon alleges, that Defendant have required, and still require, the FLSA Class Members, as part of their employment, to work in excess of forty (40) hours per week without overtime compensation in violation of the FLSA.  The precise number of hours will be proven at trial.

72.     By failing to pay overtime compensation due to Reyes and the Plaintiff Class Members, Defendant willingly, knowingly, and/or recklessly violated the provisions of the FLSA, which requires the payment of overtime compensation to nonexempt employees.

73.     As a result of Defendant's policy and practice of withholding overtime compensation, Reyes and the Plaintiff Class Members have been damaged in that they have not received wages due to them under the FLSA.

74.     Defendant has made it difficult to account for the unpaid overtime wages earned by  Reyes and the Plaintiff Class Members at all times relevant to this litigation because they did not make, keep, and preserve the full and actual hours worked by   Reyes  and the Plaintiff Class Members, as required for nonexempt employees under *29 U.S.C. § 211(c)*.

75.     Defendant's failure to retain accurate records of hours actually worked by Reyes  and the Plaintiff Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

76.     As a result of the unlawful acts of the Defendant,   Reyes and the Plaintiff Class Members have been deprived of overtime compensation in amounts not

yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or prejudgment interest, attorney fees and costs, and other compensation allowable under 29 U.S.C. § 2l6(b) of the FLSA.

77.     As a result of the foregoing, Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages owed by Defendant to Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 203 *et seq.*, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

<u>SECOND CAUSE OF ACTION</u>
(For Failure to Pay Overtime in Violation of State Law)
[California *Labor Code* §§ 510, 1194
I.W.C. Wage Order No. 5-2001]
Against AT&T
(CALIFORNIA CLASS)

78.     Battles incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79.     Battles and the Plaintiff Class Members were and are employed by Defendant during their tenure as non-exempt "Retail Account Executives."

80.     Battles and the Plaintiff Class Members regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours.

81.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in

one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

82.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

83.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be compensated at the rate of no less than twice the regular rate of pay for each employee.

84.     California *Labor Code* § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

85.     Battles alleges, on information and belief, that, as detailed more fully above, Defendant engage in a companywide  practice of requiring and encouraging Battles  and Plaintiff Class Members to work in excess of eight (8) hours per day and/or forty (40) hours per week.  As a result of the company wide policy the Representative Plaintiffs and Plaintiff Class Members were not compensated for all the hours that Defendant required them to work.

86.     Defendant has failed and refused, and continue to fail and refuse, to pay Battles and Plaintiff Class Members overtime compensation as required by California wage and hour laws.

87.     Defendant's conduct described in this Complaint violates the provisions of Wage Order 5-2001 and California *Labor Code* § 1194.

88.     Defendant has made it difficult to account for the unpaid overtime wages earned by Battles and the Plaintiff Class Members at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by the Representative Plaintiff and the Plaintiff Class Members as required for nonexempt employees under *Labor Code* § 1174(d) and IWC Wage Order Nos. 4-2001 and/or 17-2001.

89.     Defendant's failure to retain accurate and correct records of hours actually worked by Battles and the Plaintiff Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

90.     As a result of the unlawful acts of the Defendant, Battles and the Plaintiff Class Members have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

91.     Battles  and the Plaintiff Class Members are entitled to receive an award of liquidated damages, and reasonable  attorneys' fees  and costs pursuant to California *Labor Code* § 1194.

**THIRD CAUSE OF ACTION**
(Failure to Pay Wages for Meal and Rest Breaks in Violation of California Law)
[California *Labor Code* §§ 226.7 and 512,
I.W.C. Wage Order Nos. 4-2001 and 17-2001]
Against AT&T
(CALIFORNIA CLASS)

22

92.     Battles incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

93.     California *Labor Code* § 512 and IWC Wage Order Nos. 4-2001 and 17-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order Nos. 4-2001 and 17-2001 state that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. California *Labor Code* § 226.7(a) further state that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC, including Wage Order No. 4.

94.     Battles and the Plaintiff Class Members were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.  Battles and the Plaintiff Class Members also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendant failed to count as time worked any "on duty" meal period taken by the Representative Plaintiff and the Plaintiff Class Members, and no on duty meal period agreement exists.

95.     Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 5-2001, if an employer fails to provide an employee a meal period in accordance with the

applicable provisions of IWC Wage Order 5-2001, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided. As such, the Representative Plaintiff is entitled to an additional one (1) hour's pay for each day in which they were not provided a proper meal break under the above- described authorities.

96.    IWC Wage Order 5-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours of work.

97.    Battles and the Plaintiff Class Members were not permitted to take rest breaks at the rate of ten (10) minutes per every four (4) hours of work and/or the Battles and the Plaintiff Class Members were required to work during any rest periods in contravention of the statutory authorities described herein.

98.    Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 5-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 5-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

99.    As such, Battles and the Plaintiff Class Members are entitled to an additional one (1) hour's pay for each such incident on each day in which Plaintiffs were not provided a proper rest period under the above-described authorities.

100.    As a result of the unlawful acts of the Defendant, Battles and the Plaintiff Class Members have been deprived of premium pay for the meal and rest periods they were not provided in amounts not yet fully ascertained, but to be

determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

**FOURTH CAUSE OF ACTION**
(For Failure to Pay Compensation at Time of Termination and/or Resignation in
Violation of California *Labor Code* §§ 201-203)
Against AT&T
(CALIFORNIA CLASS)

101.    Battles incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

102.    California *Labor Code* §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.   California *Labor Code* §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.   California *Labor Code* §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California *Labor Code* §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

103.    Defendant has willfully failed and refused, and continue to fail and refuse, to timely pay compensation and wages to Battles and the Plaintiff Class Members, including unpaid overtime pay, premium pay, and reimbursement of business losses/expenses, as required by California *Labor Code* §§ 201-202.

104.    Defendant's failure to timely pay overtime compensation and wages to Representative Plaintiff Jeffrey Battles and the Plaintiff Class Members at the time of

termination of employment is willful.  Defendant has willfully failed and refused and continue to willfully fail to pay compensation owed in a prompt manner to Battles and the Plaintiff Class Members in Sub-Class No. 1 whose employment terminated as is required under California *Labor Code* §§201-203.   As a result, Defendant is liable to Battles and the Plaintiff Class Members for waiting time penalties under California *Labor Code* §203 in an amount to be ascertained at trial, together with prejudgment interest and costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
(Failure to Provide Accurate Wage Statements)
[California *Labor Code* § 226(a)]
Against AT&T
(CALIFORNIA CLASS)

105.   Battles incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

106.   California *Labor Code* § 226 requires employers to provide its employees an accurate written itemized statement showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

107.   Defendant failed to properly maintain adequate itemized statements of Plaintiffs' work and labor as required by law. Battles and the Plaintiff Class Members are informed and believe that said failure was knowing and intentional by Defendant as Defendant sought to deprive the Representative Plaintiff and the Plaintiff Class Members of their legitimate right to unpaid wages and/or commissions, and otherwise deprive Plaintiffs of overtime compensation.

108.    As a result of Defendant intentional and knowing failure to maintain adequate itemized statements, Battles and the Plaintiff Class Members could not ascertain the actual amount of compensation they earned and/or was entitled to, and thereby suffered damages in the form of the accrual of unpaid wages, commissions, overtime, and interest.

109.    Pursuant to California *Labor Code* § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

110.    Pursuant to California *Labor Code* § 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, Battles and the Plaintiff Class Members are entitled to penalties recoverable from Defendant as described herein, as well as reasonable costs and attorneys fees.

### SIXTH CAUSE OF ACTION
(For Unfair Business Practices in Violation of California *Business and Professions Code* §17200 *et seq.*)
Against AT&T
(CALIFORNIA CLASS)

111.    Battles incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

112.    Battles brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.

113.    The above-referenced actions by the Defendant, including, but not limited to, the failure to pay Battles and the Plaintiff Class Members overtime compensation, wages for meal and rest breaks that were not provided, or reimbursement for business expenses incurred constitute unlawful conduct and violations of law.   These actions also constitute unfair business practices.  As such, Defendant's conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200, *et seq.*

114.    Battles is informed and believes that Defendant continue their unlawful and unfair conduct as described herein.  As a result of this conduct, Defendant has unlawfully and unfairly obtained monies due to Battles and the Plaintiff Class Members.

115.    All impacted individuals can be identified by reference to records in the Defendant's custody, control and possession.

116.    Battles and the Plaintiff Class Members are entitled to restitution of all monies due to them, as well as disgorgement of the ill-gotten gains obtained by the Defendant as a result of their unlawful and unfair conduct at all times relevant to this action.

117.    Battles and the Plaintiff Class Members are entitled to attorneys' fees and costs for promoting the interest of the members of the general public in causing the Defendant to cease their unfair business practices, according to proof.

118.    Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs on their behalf, and on behalf of the Plaintiff Class Members, pray for relief and judgment as follows:

1.      An order declaring the FLSA Class to be properly certified as a collective action under the FLSA as alleged and prayed for herein;

2.      An order declaring the California Class to be a class action and certifying the California Class as alleged and prayed for herein;

3.      An award to Reyes and all members of the FLSA Class for damages in the amount of unpaid overtime compensation and wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

4.      An award to Battles and all members of the California Class of damages in the amount of unpaid overtime compensation and wages under California law, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

5.      An award to Battles and all members of the California Class of one hour of compensation for each day they did not receive proper meal breaks under California *Labor Code* §§ 226.7 and 512 and IWC Wage Order No. 5-2001;

6.      An award to Battles and all members of the California Class of one hour of compensation for each day they did not receive proper rest breaks under California *Labor Code* §§ 226.7 and IWC Wage Order No. 5-2001;

7.      An award to Battles and all members of the California Class of the statutory penalties provided in California *Labor Code* § 226(e) subject to proof at the time of trial;

8.      An award to Battles and all members of the California Class for waiting time penalties provided in California *Labor Code* § 203;

9.      An award to Plaintiffs and all members of the Plaintiff Class of reasonable attorneys' fees and legal costs under 29 U.S.C. § 216(b), California *Labor Code* §§ 218.5, 226(e), 1194, Cal. Civil Code § 1021.5, and/or any other applicable law;

10.     An award to Battles and all members of the California Class of all civil penalties authorized under California *Labor Code* §§ 203, 226, 226.7;

11.     An award to Battles and all members of the California Class of pre and post judgment interest;

12.     An injunction stopping Defendant' unlawful conduct; and

13.     An award of such other and further relief as this Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  November 30, 2012

Respectfully submitted,

MORGAN & MORGAN P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida  33324
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: **afrisch@forthepeople.com**

**/s/  ANDREW FRISCH**
ANDREW FRISCH
FL Bar No.:  27777

*Trial Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**/s/ ANDREW FRISCH**
Andrew Frisch, Esquire