UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20837-Civ-COOKE/TURNOFF

RUBEN REYES and JEFFREY BATTLES,
on their own behalf and all similarly situated
individuals,

 Plaintiff,

v.

A T & T MOBILITY SERVICES, LLC.,
a foreign limited liability company,

 Defendants.
_____/

**FINAL JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT, APPROVAL OF SERVICE AWARDS,
AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

THIS MATTER is before me upon Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement, Approval of Service Awards, and Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Final Approval"). (ECF No. 194). Having reviewed the Motion for Final Approval, the supporting memorandum of law, the Declaration of Andrew R. Frisch and exhibits thereto, the record, the argument of counsel at the June 21, 2013 Fairness Hearing in accordance with Federal Rule of Civil Procedure 23(e), and the relevant legal authorities, I hereby **ORDER and ADJUDGE** that the Motion for Final Approval is **GRANTED**, and Final Approval is entered, finding as follows:

On March 18, 2010, Plaintiff, Ruben Reyes ("Reyes" or "Plaintiff") filed a complaint ("Reyes Complaint") alleging that Defendant, AT&T Mobility Services, LLC ("AT&T" or

1

"Defendant") violated the Fair Labor Standards Act ("FLSA").  (ECF No. 1).  Plaintiff alleged, *inter alia,* that AT&T misclassified him and other similarly situated Retail Account Executives and National Retail Account Executives (collectively, "RAEs") as exempt from the FLSA's overtime provisions and, therefore, unlawfully failed to pay them overtime wages which they claimed were due them.  Plaintiff sought recovery of, *inter alia,* unpaid overtime wages, liquidated damages, and attorneys' fees and costs.  On February 28, 2011, adopting the recommendation of the Honorable Jonathan Goodman, I conditionally certified the case as a collective action pursuant to 29 U.S.C. § 216(b).  (ECF No. 141).

On November 30, 2012, Plaintiff Ruben Reyes and Jeffrey Battles filed their Second Amended Complaint ("SAC"), alleging the same violations as the initial Reyes Complaint, and additional claims under California state wage and hour laws ("California claims").  (ECF No. 186).

In the more than three years since the Reyes Complaint was filed, the parties have engaged in voluminous discovery and extensive litigation in this action, including exchanging thousands of documents, and briefing and presenting oral argument on the certification motion and multiple other related motions.  On two different occasions, the parties engaged in extensive settlement negotiations at two separate full-day Court-ordered mediations.  While the first Court-ordered mediation, which occurred on December 5, 2011, ended in an impasse (*see* ECF No. 152), at the conclusion of a the second all-day mediation on July 23, 2012 (*see* ECF No. 174), the parties entered into a settlement agreement (the "Settlement Agreement"), which provided a maximum settlement fund of $3,287,500.00 in order to resolve both the FLSA claims and the California claims asserted in this matter.

On December 20, 2012, I entered an Order ("Preliminary Approval Order") preliminarily approving the Rule 23 Class Settlement, conditionally certifying the Rule 23 Settlement Class for purposes of settlement, appointing Andrew R. Frisch, Richard B. Celler and Morgan & Morgan, P.A., as Class Counsel, approving the Proposed Notice of Settlement and Class Action Settlement Procedures, and authorizing dissemination of notice (the "Notice") to the Rule 23 Class. (ECF No. 191). The Notice of the Rule 23 Settlement described (1) the terms of the settlement; (2) each Class Member's recovery; (3) the relief available to Class Members; (4) the date, time, and place of the Fairness Hearing; (5) the procedures for objecting to the settlement and appearing at the Fairness Hearing; (6) the enhancement awards sought; (7) the attorneys' fees sought; and (8) contact information for Class Counsel. The Preliminary Approval Order also granted final approval to the settlement of the FLSA claims set forth in the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute. No Class Member objected to or opted out of the Settlement. Neither did any Class Member appear at the June 21, 2013 Fairness Hearing to object or opt out.

Pursuant to the Preliminary Approval Order, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement, Approval of Service Awards, and Approval of Attorneys' Fees and Reimbursement of Expenses on May 7, 2013. Defendant does not oppose any portion of this motion or the relief sought.

It is hereby **ORDERED, ADJUDGED and DECREED** that**:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e).

3. The $3,287,500.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, I am satisfied that the settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See In re: U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) (noting that "public policy strongly favors the pretrial settlement of class action lawsuits").

4. The Parties' judgment that the settlement is fair and reasonable, as well as the Class' favorable response to the settlement, weighs in favor of final approval of the settlement.

5. Upon the effective date of the Settlement, each Rule 23 Class Member shall have released all California claims asserted in this lawsuit through the date of this Order, including all California claims for improper wage statements, wages not paid upon termination, wages not paid on payday, unlawful deductions, denial of rest breaks, denial of meal periods, unpaid healthcare premiums, unpaid vested vacation, unpaid overtime, unpaid minimum wages, reimbursement of expenses, conversion and theft of labor, violation of California Business & Professional Code, section 17200, *et seq.,* and civil penalties pursuant to the Labor Code Private Attorneys General Act ("PAGA"), and attorneys' fees and costs related to such claims.

6. All plaintiffs who opted into the FLSA Collective Action forever and fully release

Defendant from all FLSA claims asserted in this lawsuit through December 20, 2012, including all FLSA claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs related to such claims.

7. All Dual Class members who opted into the FLSA Collective Action and did not opt-out of the Rule 23 Class forever and fully release Defendant from all FLSA claims and California claims asserted in this lawsuit through the date of this Order, including all FLSA claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs related to such claims and all California claims for improper wage statements, wages not paid upon termination, wages not paid on payday, unlawful deductions, denial of rest breaks, denial of meal periods, unpaid healthcare premiums, unpaid vested vacation, unpaid overtime, unpaid minimum wages, reimbursement of expenses, conversion and theft of labor, violation of California Business & Professional Code, section 17200, *et seq.,* and civil penalties pursuant to the Labor Code Private Attorneys General Act ("PAGA"), and attorneys' fees and costs related to such claims.

8. All Rule 23 Class members who did not opt out of the Rule 23 Class forever and fully release Defendant from all California claims for improper wage statements, wages not paid upon termination, wages not paid on payday, unlawful deductions, denial of rest breaks, denial of meal periods, unpaid healthcare premiums, unpaid vested vacation, unpaid overtime, unpaid minimum wages, reimbursement of expenses, conversion and theft of labor, violation of California Business & Professional Code, section 17200, *et seq.,* and civil penalties pursuant to the Labor Code Private Attorneys General Act ("PAGA"), and attorneys' fees and costs related to such claims.

9. Within thirty (30) days, Defendant shall deposit all amounts due and owing under the

Settlement Agreement into an escrow account to be distributed in accordance with the Settlement Agreement and this Order.

10. Class Counsel is awarded one-third of the total maximum settlement fund, or $1,084,875.00, as attorneys' fees to be paid from the settlement fund.

11. Class Counsel is awarded $23,000.00 for costs and expenses incurred in this Litigation to be paid from the settlement fund.

12. I find that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the dictates of the Eleventh Circuit. *Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 771 (11th Cir. 1991); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001).

13. Class Counsel's request for one-third of the settlement fund is also consistent with the trend in this Circuit. *See, e.g.*, *Wolff v. Cash 4 Titles*, No. 03–22778–CIV, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Hosier v. Mattress Firm, Inc.*, No. 3:10–cv–294–J–32JRK, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC*, Nos. 1:10–CV–00117, 1:11–CV–00029, 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08–CV–691–T–30TBM, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorneys fees); *Gutter v. E.I. DuPont De Nemours & Co.,* No. 1:95–cv–02152–ASG, ECF No. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys'

fees, specifically $1,201,728.42, because they expended significant time and resources on a purely contingent basis under the common fund theory); *In re Terazosin Hydrochloride Antitrust Litig.,* No. 1:99–md–01317–PAS, ECF No. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis).

14. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

15. The Claims Administrator is awarded its reasonable fees, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement, to be paid out from the settlement fund.

16. I approve the following Service Fees to be paid from the settlement fund: $5,000.00 for Class Representative Ruben Reyes, $2,500.00 for Class Representative Jeffrey Battles, and $2,500.00 to Plaintiff Adrian Fernandez. The Service Payment Awards total $10,000.00. These Service Fees are reasonable in light of the efforts these individuals expended in furthering the interests of the Class.

17. The entire Litigation is **DISMISSED *with prejudice*** and without costs to any party. All Rule 23 Class Members, including Dual Class members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

18. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise,

construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

19. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, **ENTERED** as a Final Order.

20. The Clerk of Court shall **CLOSE** this matter. All remaining motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida this 21st day of June 2013.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*